IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| TERRI MILLER, | § | |
|        PLAINTIFF, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| VALVOLINE, LLC d/b/a/ VALVOLINE INSTANT OIL CHANGE, | § | |
| | § | |
|        DEFENDANT. | § | JURY REQUESTED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TERRI MILLER (herein after referred to as "Plaintiff") files her Original Complaint complaining of VALVOLINE, LLC d/b/a/ VALVOLINE INSTANT OIL CHANGE and for cause of action respectfully shows as follows:

**I.
PARTIES**

1. Plaintiff is an individual residing in Fort Bend County, Texas.

2. VALVOLINE, LLC d/b/a VALVOLINE INSTANT OIL CHANGE is a business entity providing lubrication replacement services in Fort Bend County, Texas.

3. VALVOLINE, LLC d/b/a VALVOLINE INSTANT OIL CHANGE was and is a Kentucky Limited Liability Company at all times relevant to this action.

4. VALVOLINE, LLC d/b/a VALVOLINE INSTANT OIL CHANGE's Members were and are citizens of Delaware at all times relevant to this action.

5. VALVOLINE, LLC d/b/a VALVOLINE INSTANT OIL CHANGE may be served with process serving its registered agent for service, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

## II.
## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, in that it is a civil action between PLAINTIFF who is a Texas citizen and DEFENDANT who is a citizen of, incorporated in, and/or has its principal place of business in a state other than Texas, specifically Kentucky and Delaware, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

7. Venue is proper within the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §1391 because a substantial part of the events and/or omissions giving rise to the claim occurred within the Southern District of Texas, specifically Fort Bend County.

## III.
## FACTUAL BACKGROUND

8. This lawsuit arises in connection with services Plaintiff received on February 28, 2024, at VALVOLINE, LLC d/b/a VALVOLINE INSTANT OIL CHANGE ("VALVOLINE") in Fort Bend County, Texas.

9. On the February 28, 2024, visit, Plaintiff paid for an oil change and rear differential flush on her 2020 Dodge Ram 1500 Laramie at VALVOLINE.

10. The rear differential is a gearbox that sits between the rear wheels of the vehicle. Its main function is to transfer torque to the wheels while allowing them to rotate at different speeds. Differential fluid lubricates and cools the internal components of a vehicle's differential. The differential is part of the drivetrain that helps distribute power to each wheel, and it contains many moving parts that generate heat as they work together. Differential fluid is designed to perform under high pressure and temperatures and is essential to the safe and sound mechanical operation of a vehicle.

11. After draining the differential fluid on the Plaintiff's vehicle, the VALVOLINE technicians failed to refill and replace the differential fluid. The failure to replace the differential fluid caused severe damage to Plaintiff's vehicle. Specifically, the absence of rear differential fluid damaged the internal structure of the rear differential, and the Plaintiff was required to completely replace the rear differential assembly.

12. At all relevant times VALVOLINE is thought to be the owner/lessor of the subject facility. At all relevant times, it is believed that the employee who failed to replace the differential fluid was in the course and scope of his employment with VALVOLINE.

## VI.
## DECEPTIVE TRADE PRACTICES ACT

13. The Plaintiff has previously provided VALVOLINE with notice as required by TEXAS BUSINESS & COMMERCE CODE SEC. 17.505(a) and has satisfied all conditions precedent to bringing a claim under the Deceptive Trade Practices Act.

14. Plaintiff is an individual who sought rear differential flush services from VALVOLINE and is a consumer under TEXAS BUSINESS & COMMERCE CODE SEC. 17.45. VALVOLINE is a business entity that can be sued under the Deceptive Trade Practices Act. VALVOLINE entered into a consumer transaction with the Plaintiff.

A. **Unconscionable Action or Course of Action-Section 17.50(a)(3).**

15. VALVOLINE violated the Deceptive Trade Practices Act when it engaged in an unconscionable action or course of action. VALVOLINE acted to the Plaintiff's detriment and took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree. TEX. BUS. & COM. CODE ANN. SEC. 17.50(a)(2) and (3).

16. VALVOLINE represented that it flushed and replaced her differential fluid. In fact, VALVOLINE did not replace the differential fluid, causing a major mechanical breakdown.

17. VALVOLINE failed to disclose information concerning its rear differential flush services when the Plaintiff sought its services. VALVOLINE failed to disclose to the Plaintiff that it did not replace the drained rear differential fluid in her vehicle. As such, the fees VALVOLINE charged were not reasonable. If VALVOLINE would have disclosed this information, the Plaintiff would not have utilized its services.

18. VALVOLINE made a misrepresentation that the reasonable fee for the service provided to TERRI MILLER was $99.00. This representation was false, misleading and deceptive. The representation of $99.00 was misleading when made. This misrepresentation has caused Plaintiff to incur repair bills in the amount of $8,412.22 and caused her other economic damages.

19. Plaintiff relied on VALVOLINE's misrepresentation to her detriment.

20. VALVOLINE's wrongful conduct is the producing cause of Plaintiff's injury. It has caused her to incur repair bills and caused her other economic damages.

B. **Breach of Warranty-Section 17.50(a)(3).**

21. VALVOLINE violated the Deceptive Trade Practices Act when it breached an implied warranty that the work would be performed in a good and workmanlike manner.

22. Plaintiff relied on VALVOLINE's misrepresentation to her detriment.

23. VALVOLINE's wrongful conduct is the producing cause of Plaintiff's injury. It has caused her to incur repair bills and caused her other economic damages.

C. **Deceptive Trade Practice ("Laundry List") Section 17.46**

24. In making the aforementioned representations, VALVOLINE represented that its agreement to provide rear differential flush services to Plaintiff were of a particular standard, quality, or grade when they were of another. TEX. BUS. & COM. CODE ANN. SEC. 17.46(b)(7).

25. In making the aforementioned representations, VALVOLINE represented that work or services had been performed when in fact the work or services were not performed. TEX. BUS. & COM. CODE ANN. SEC. 17.46(b)(22).

26. Plaintiff relied on VALVOLINE's misrepresentation to her detriment.

27. VALVOLINE's wrongful conduct is the producing cause of Plaintiff's injury. It has caused her to incur repair bills and caused her other economic damages.

### D. Deceptive Trade Practice Damages

28. Plaintiff seeks actual damages, attorneys' fees, costs, pre- and post-judgment interest and all other remedies available under the Deceptive Trade Practices Act.

29. Because VALVOLINE acted "knowingly," Plaintiff is also entitled to recover mental anguish and treble economic damages under TEX. BUS. & COM. CODE ANN. SEC. 17.50(b)(1).

## V.
## NEGLIGENCE OF VALVOLINE

30. PLAINTIFF alleges that the cause of the aforesaid incident and the injuries she sustained was the negligence, carelessness, and recklessness of VALVOLINE, by its actions or omissions by failing to replace the differential fluid, and by failing to check if the differential fluid was replaced.

31. Each of the above referenced acts or omissions by VALVOLINE directly and proximately caused Plaintiff's injuries and damages. Nothing Plaintiff did or failed to do contributed to or proximately caused the incident in question or her resulting injuries and damages.

## VI.
## ATTORNEY'S FEES

32. Pursuant to the Texas Deceptive Trade Practices Act and as a result of VALVOLINE's actions complained of in this Petition, Plaintiff was required to engage the services of Andy Rubenstein at D. Miller & Associates, PLLC. Plaintiff therefore seeks reimbursement of reasonable attorney's fees inasmuch as Plaintiff has been required to employ the undersigned attorney to file and prosecute this suit.

## VII.
## JURY DEMAND

33. Plaintiff has requested a trial by jury and has tendered the appropriate fee.

## VIII.
## PRAYER

Plaintiff prays that VALVOLINE be cited to appear and answer herein; that upon final trial hereof that Plaintiff have judgment against VALVOLINE for the full amount of her damages, as herein alleged, pre-judgment and post-judgment interest at the highest legal rate, costs of court, reasonable attorney's fees; and for such other and further relief, whether at law or in equity, to which they may show herself to be justly entitled.

[SIGNATURE ON NEXT PAGE]

Respectfully submitted,

**D. MILLER & ASSOCIATES, PLLC**

_____
Andy Rubenstein
Attorney-In-Charge
Texas Bar No. 17360375
Federal Bar No. 14383
2610 W. Sam Houston Parkway, Suite 200
Houston, Texas 77042
andy@dmillerlaw.com
Telephone: 713-850-8600
Facsimile:   713-467-0306
**ATTORNEY FOR PLAINTIFF**

OF COUNSEL:
D. Miller & Associates, PLLC
2610 W. Sam Houston Parkway, Suite 200
Houston, Texas 77042
Telephone: 713-850-8600
Facsimile: 713-366-3463